Matthias, J.
 

 The record in this case was ordered certified and is before us for consideration by reason of the question involved of the applicability of the provisions' of the new Appellate Procedure Act to cases taken on appeal from the Probate Court to the Court of Common Pleas.
 

 The appellants have proceeded upon the theory, and still contend, that Section 12223-12, General Code, applies to such appeals and therefore governs and controls such procedure. That section is as follows:
 

 “Executors, administrators, guardians, receivers, trustees, trustees in bankruptcy, and county treasurers, acting in their respective trust capacities, who have given bond in this state, with surety according to law, and the state of Ohio or an officer thereof shall not be required to give the bond mentioned in General Code Section 12223-9.”
 

 The contention of the appellants, however, ignores, completely the specific provisions of Section 12223-3, General Code, which is a part of the same act, wherein
 
 *343
 
 the procedure here in question is clearly and definitely excepted from the general provisions of the act; for it is there provided that ‘ ‘ except that appeals from judgments of probate courts and of justices of the peace upon questions of law and fact shall be taken in the manner now provided for in General Code Sections 10501-56 to 10501-61, inclusive, and Sections 10382 to 10398, inclusive, respectively.”
 

 Sections 10501-56 to 10501-61, in accordance with which it is thus directed that appeals from judgments of the Probate Court shall be taken, are a part of the Probate Code (114 Ohio Laws, 320, effective January 1, 1932). Section 10501-56 specifically authorizes and provides for appeal from the Probate Court to the Court of Common Pleas “from any order, decision or judgment of the Probate Court in settling the accounts of an executor * * V’ Correlated Sections 10501-57 and 10501-58 prescribe the times of filing and the amount of the bond in such appeals, and Section 10501-59, General Code, provides as follows: ■
 

 “When an appellant from an order, judgment or decree, in or by any state court or tribunal is a party in a fiduciary capacity in which he has given bond in Ohio for the faithful discharge of his duties, appeals in the interest of his trust, upon written notice'to the court, within the time limited for giving bond, of intention to appeal, it shall be allowed without bond.”
 

 It is to be observed that when one who, in a fiduciary capacity and in the interest of his trust, appeals from a judgment or order of any court he is exempt from giving an appeal bond if he has given bond in Ohio for the faithful discharge of his duties in such fiduciary capacity.
 

 The language of the controlling statutory provisions is substantially the same as when construed and applied in the ease of
 
 Collins, Exr.,
 
 v..
 
 Mitten,
 
 57 Ohio St., 289, 48 N. E., 1097, wherein it was held that, though the appeal is by a party in a fiduciary capacity, he is
 
 *344
 
 not exempt from giving an appeal bond where the judgment appealed from is one affecting adversely his own pecuniary interests. The court rejected the contention that the words, “in the interest of,” meant “in respect of” or “concerning,” and stated in the following portion of the opinion: “This clause [appeals in the interest of the trust] according to the ordinary meaning of the words when employed in the connection here found, plainly limits the right of one, who is a party in a fiduciary capacity, to appeal without giving bond to cases where the appeal is taken for the benefit of the trust.”
 

 The basis of the appeal of Linthicum as administrator of the estate of Day, deceased, as was that of Croll, executor of the will of Logan, deceased, was attorney fees1 — not in the interest or enhancement of either estate — for personal interest and not “in the interest of the trust.” As to Croll individually, as a matter of course the appeal was properly dismissed in the absence of an appeal bond, and as to Croll, executor, there was the further ground that he had not even given bond for the faithful discharge of his duties. Having been issued letters testamentary “without bond” would not authorize exemption from the giving of a bond in an appeal proceeding.
 

 It follows that the judgment of the Court of Appeals is in all respects correct and it is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.