In Matter of Trust for Benefit of Sullivan et al.

(Decided May 25, 1939.)

*Mr. Wilby G. Hyde* and *Mr. L. B. Yaple,* for appellant.

*Mr. Willard C. Walter,* for appellee.

Gillen, J.   This action is here on appeal on questions of law from a judgment of the Court of Common Pleas of Ross county, Ohio, rendered on February 9, 1938.   The original cause was submitted to the Probate Court of Ross county on the exceptions of Jeanette Shriver Sullivan to the second account of Wilby G. Hyde as trustee of the trust arising under the will of James M. Shriver, deceased, for the benefit of Jeanette Shriver Sullivan and others.  .  Judgment was rendered by the Probate Court and the motion

of the trustee for a new trial overruled, to which the trustee excepted. On the 10th day of June, 1936, the trustee filed in the Probate Court a notice of appeal from this judgment, seeking such appeal in his fiduciary capacity in the interest of his trust and representing that he had given bond as such fiduciary. This appeal was allowed to the Court of Common Pleas of Ross county, Ohio, without bond. The notice of appeal designated the appeal to be upon questions of law and fact but did not specify the court to which the appeal was sought. On the 19th day of June, 1936, the judge of the Probate Court, who is also *ex officio* clerk thereof, without the filing of a precipe therefor, prepared and filed in the Court of Appeals a transcript of the docket and journal entries of the Probate Court but did not file therewith any of the original papers or transcripts thereof. The cause was thereupon duly entered on the docket of the Court of Appeals as a pending action. On the 6th day of October, 1936, appellant filed in the Court of Common Pleas of Ross county the same transcript of the docket and journal entries theretofore filed in the Court of Appeals without first obtaining leave of the Court of Appeals to withdraw the transcript of the docket and journal entries from its files. The cause was thereupon entered on the docket of the Court of Common Pleas as a pending action. The transcript was filed on the second day of the next term of the Court of Common Pleas after the notice of appeal was given. On the 30th day of July, 1936, appellant filed his brief in this court in which the question of jurisdiction and procedure for review was chiefly considered. In December, 1936, this court considered appellee's motion to dismiss the appeal and required appellant to elect in which court he desired to proceed. An election to proceed in the Court of Common Pleas was made, whereupon the action pending in this court was dis-

missed. Appellant excepted to the order of this court but did not appeal therefrom. On the 9th day of February, 1938, the Court of Common Pleas sustained a motion to dismiss the appeal filed in that court for the reason that appellant had not legally filed a transcript of the docket and journal entries.

There can now be no doubt about the manner in which appellant should have perfected his appeal since the law applicable to the situation has been clearly expressed by the Supreme Court of Ohio in the case of *In re Estate of Logan,* 133 Ohio St., 341, 13 N. E. (2d), 911, in the following language:

"1. Appeals on law and fact from the Probate Court to the Court of Common Pleas from any order or judgment sustaining exceptions to the account of an executor shall be taken in the manner now provided for in Sections 10501-56 to 10501-61, inclusive, General Code.

"2. The general provisions of the Appellate Procedure Act (116 Ohio Laws, 104) have no application to appeals to the Common Pleas Court from any order, decision or judgment of the Probate Court in settling the accounts of an executor, administrator, guardian or trustee, such appeals being specifically excepted therefrom by the provisions of Section 12223-3, General Code."

In the case at bar appellant contends that he did perfect his appeal in the manner prescribed by law. The difficulty, however, results from the fact that appellant attempted to file in the Court of Common Pleas the identical transcript of the docket and journal entries which had previously been filed and docketed in the Court of Appeals. It is claimed that the Probate Court acted without authority when it filed the transcript in the Court of Appeals and also that the proceedings before the Court of Appeals were of no force and effect since that tribunal was without jurisdic-

tion to hear and determine the issues. An examina-
tion of the record discloses not only that appellant
knew the transcript was filed in the Court of Appeals
and acquiesced therein but that he also made applica-
tion to have the original papers filed in the Court of
Appeals in order to perfect his appeal. It was the
duty of appellant to attend to the matter and make
certain that his appeal was properly perfected. He
did not at any time seek leave to withdraw the tran-
script from the files of the Court of Appeals or to
have the action pending in that court dismissed. It
is apparent from the record that he intended to pro-
ceed in the Court of Appeals and have the merits of
the case there determined while at the same time, as a
matter of precaution, he endeavored to have an appeal
of the same subject-matter pending in the Court of
Common Pleas.

The right to withdraw pleadings from the court files
is referred to in 31 Ohio Jurisprudence, 835, Section
247, as follows:

"In Ohio, there seems to be a complete dearth of
authority on the question of withdrawal of pleadings,
although provision is made for the restoration of lost
pleadings. As a general rule the question of the with-
drawal of pleadings is addressed to the discretion of
the court; in the exercise of such discretion courts may
allow the withdrawal of statements mistakenly made
in pleadings, or of particular pleas, or of entire plead-
ings, as the exigencies of the case may seem to war-
rant. And in the exercise of a like discretion, the
courts may allow the refiling of pleas or papers which
have been withdrawn."

The subject is further discussed in 21 Ruling Case
Law, 593, Section 141, as follows:

"Withdrawal of pleadings is a subject closely akin
in many respects to that of amendments, for it is con-
cerned with alterations in the record and their effect

on the rights of the adverse party, and, as a general rule, is a question addressed to the reasonable discretion of the court. In the exercise of such discretion courts may allow replacement of lost pleadings, the withdrawal of statements mistakenly made in pleadings, or the withdrawal of particular pleas or of entire pleadings just as the exigencies of the case may seem to warrant."

It would seem, therefore, that papers once filed as an essential part of the pleadings in a case continue to constitute a portion of the record subject to withdrawal or alteration only with the consent and approval of the court. The fact that it is finally determined that the court wherein such papers are filed does not have jurisdiction in the premises does not alter the situation. The papers so filed continue to constitute a part of the record in such case unless withdrawn with the consent of the court. It follows, therefore, that appellant was without authority to withdraw the transcript from the files of the Court of Appeals and thereafter have the same transcript filed and the case docketed as a pending action in the Court of Common Pleas. The transcript constituted a part of the record of the case pending in the Court of Appeals and for that reason could not at the same time be a part of a record of a case pending in any other court. The trial court properly ordered the transcript stricken from its files. Appellant having failed to file in time a transcript of the docket and journal entries of the Probate Court, did not properly perfect his appeal to the Common Pleas Court.

*Judgment affirmed.*

BLOSSER, P. J., and McCURDY, J., concur.